

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

XXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Tom DeBerry, Member
State Board of Control
Austin, Texas

Dear Sir:

> Opinion No. 0-3335
> Re: Whether State employee may
> draw twelve (12) days' vaca-
> tion pay after drafting into
> Army.

In your letter of March 26, 1941, you request our opinion in re-
sponse to the following questions:

"Is an employee of the State government who is drafted for
service in the United States Army entitled to twelve (12) days' va-
cation with pay, as provided under the provisions of the various
State appropriations bills, after induction into the army?

"In other words, our question is, can such an employee draw
pay from both the Federal government and the State of Texas dur-
ing the first twelve (12) days of his service in the regular army?"

The men whom you mention not being members of either the National
Guard of Texas, the National Guard Reserve of Texas, the Organized Reserves
of the United States Army, or the Naval Reserves of the United States Navy, it
is apparent from a reading of Article 5890a, Vernon's Civil Statutes, that it has
no bearing on your question.

In the general rider to the Departmental Appropriation Bill, at page
284, Vol. 2, General and Special Laws, 46th Legislature, we find the following
provision:

"Vacation Allowance. Department employees shall, without de-
duction in salary, receive not exceeding twelve days' vacation, exclu-
sive of Sundays and legal holidays, on which State offices are closed,
for each State fiscal year, such vacation period to be mutually agreed
upon by the head of each department with his employees, provided, that
employees belonging to the Texas National Guard may have their vaca-
tion at the time of the meeting of the annual encampment. Provided,

that no employee for whom a salary is hereby appropriated, shall receive compensation while on vacation unless he or she has been an employee of the department for not less than six calendar months, preceding the vacation period."

The above does no more than authorize a twelve day vacation on pay for departmental employees. It makes no attempt to grant to such employees any pay after the termination of their employment. Our opinion No. 0-2814. From the case of Gutzwiller v. American Tobacco Co., 122 A. 586, Vermont Supreme Court, we quote:

"* * * A vacation, according to Mr. Webster, is a period of leisure or rest; a holiday. This definition, clearly, implies a continuation of service, rather than that the service has ended. The master, who in recognition of faithful service, gives his servant a holiday, cannot be said to thereby terminate his relation of master to such servant. * * *"

From the opinion of the Supreme Court of Washington in State v. Case, 19 P. (2d) 927, we quote:

"Section 133, chapter 7, p. 67, Laws of 1921, reads as follows: 'Each subordinate officer and employee of the several offices, departments, and institutions of the state government shall be entitled, during each twelve months' period, to fourteen days' leave of absence with full pay.'

"It is the relator's contention that, since he did not take a vacation during the twelve months prior to the time that his connection with the office of the state auditor ceased, he was entitled to such vacation period after the severance of his connection with that office. The statute, just quoted, provides that 'each subordinate officer' of the state government shall be entitled, during each twelve months' period, to fourteen days' leave of absence with full pay. The statute, by its express language, would appear to contemplate that the one receiving a vacation on pay must be a subordinate officer or employee at the time the vacation was taken. We see nothing in the statute which would authorize the payment, for a vacation period, to one who had been an employee of the state, subsequent to the time that his service ended. The purpose of the statute, as we view it, was to give each employee, during the time that he was in the service of the state, a vacation of fourteen days on pay; but it does not follow from this that the state auditor could issue a warrant covering a vacation period which had not been taken,

and, in effect, grant the employee a vacation on pay after he had ceased to be an employee of the state. If this could be done, it would be, in effect, the giving to the employee of a gratuity or bonus in addition to his regular salary which he agreed to accept at the time the employment or service began.

"* * *

"* * * It is our conclusion on this branch of the case that, when the relator's service was terminated, his right to a vacation ceased and he no longer had a right to compensation for a vacation period which he did not take during the time of his employment."

It is difficult to see how a State employee, after he has been drafted into the Army, could be considered as still being an employee of the State, even on vacation. However, we do not find it necessary to rest our opinion on the proposition that employment technically ceases upon induction into the Army.

Article XVI, Section 33, of the State Constitution, reads:

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. Provided, that this restriction as to the drawing and paying of warrants upon the Treasury shall not apply to officers of the National Guard of Texas, the National Guard Reserve, the Officers Reserve Corps of the United States, nor to enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, nor to retired officers of the United States Army, Navy and Marine Corps, and retired warrant officers and retired enlisted men of the United States Army, Navy, and Marine Corps."

From the above it is clear, without argument, that unless a man falls within one of the exceptions provided in the second sentence the Comptroller cannot issue him a warrant in consideration of any employment by the State subsequent to the time he is enlisted in the Army, whether as an officer or a private. It must be remembered that in Carpenter v. Sheppard, 145 S. W. (2d) 562, the Supreme Court was dealing with a man who was an officer in the National Guard and as such had been ordered into federal service by the President.

It was on the express ground that Carpenter was an officer of the National Guard and within the exceptions that he was held entitled to draw pay from the State after his induction into the Army. Your question, as we understand it, relates to men who are not in the National Guard nor any of the other exceptions listed in the above constitutional provision. Hence, we are compelled to answer your question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

APPROVED
OPINION
COMMITTEE
By *R.W.B.*
Chairman

GRL:LM

APPROVED APR 5, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS